UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOGDAN ZHUKOVSKYI,

                    Plaintiff,

          v.

CITY OF NEW YORK,
LT. SUJAT KHAN,
P.O. ANTHONY MORALES,
P.O. JONATHAN URSO,

                    Defendants.

---

ECF Case

Case No. 17-CV-4999 (PAE)

**AMENDED COMPLAINT**

          COMES NOW THE PLAINTIFF, Bogdan Zhukovskyi, by his attorneys, Steven M. Warshawsky and Tomasz J. Piotrowski, for his amended complaint[1] against the Defendants, City of New York, Lt. Sujat Khan, P.O. Anthony Morales, and P.O. Jonathan Urso, and alleging upon personal knowledge and information and belief as follows:

**NATURE OF THE CASE**

          1.    This is a civil rights action under 42 U.S.C. § 1983 and New York law arising from the plaintiff's unlawful arrest on April 9, 2016, by officers of the New York City Police Department.  The officers subjected the plaintiff to false arrest, malicious prosecution, and other abuses of police authority, without probable cause, arguable probable cause, or other legal justification.  The plaintiff is

---

[1]   This amended complaint is being filed within six weeks after the first defendant filed its answer, as authorized by Local Civil Rule 83.10(6).  This amended complaint is identical to the complaint filed 7/3/17 except for the addition of complete names and contact information for the three individual defendants.

entitled to compensatory damages for the harms he suffered as a result of the defendants' unlawful conduct, punitive damages to punish and deter the individual defendants and other police officers from engaging in similar unlawful conduct in the future, attorney's fees and costs, and all other available legal and equitable relief.  The plaintiff demands trial by jury.

## PARTIES

2.     Plaintiff **Bogdan Zhukovskyi** is an adult person who resides in Brooklyn, New York**.**

3.     Defendant **City of New York** is a municipality of the State of New York.  The NYC Corporation Counsel is Zachary Carter.  The main office of the Corporation Counsel is located at 100 Church Street, New York, New York, 10007.  The New York City Police Department is an agency or instrumentality of the City of New York.

4.     Defendant **Lt. Sujat Khan** (shield number unknown) is a police officer employed by the New York City Police Department.  Upon information and belief, his place of business is the Patrol Borough Manhattan South, Times Square Unit, 357 West 35th Street, New York, New York, 10001.  Lt. Khan personally participated in the unconstitutional conduct alleged in this lawsuit.  At all relevant times, Lt. Khan was acting under color of state law and in the scope of his employment with the NYPD.  Lt. Khan is being sued in his individual capacity under 42 U.S.C. § 1983 and New York law.

5.     Defendant **P.O. Anthony Morales** (shield number 05056) is a police officer employed by the New York City Police Department.  Upon information

and belief, his place of business is the Patrol Borough Manhattan South, 357 West 35th Street, New York, New York, 10001.   Upon information and belief, P.O. Morales was assigned as Lt. Khan's driver on the date of the incident.   P.O. Morales personally participated in the unconstitutional conduct alleged in this lawsuit.   At all relevant times, P.O. Morales was acting under color of state law and in the scope of his employment with the NYPD.   P.O. Morales is being sued in his individual capacity under 42 U.S.C. § 1983 and New York law.

6.      Defendant **P.O. Jonathan Urso** (Shield No. 2645) was a police officer employed by the New York City Police Department.   Upon information and belief, P.O. Urso has resigned from the NYPD since the incident in this case.   Upon information and belief, P.O. Urso currently is employed by New Jersey Transit.   He may be served at One Police Plaza, Room 110C, New York, New York, 10038. P.O. Urso personally participated in the unconstitutional conduct alleged in this lawsuit.   At all relevant times, P.O. Urso was acting under color of state law and in the scope of his employment with the NYPD.   P.O. Urso is being sued in his individual capacity under 42 U.S.C. § 1983 and New York law.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

8.      This Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because the plaintiff's federal and

state law claims arise from a common nucleus of operative facts and form part of the same case or controversy under Article III of the United States Constitution.

9.      This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this district.

10.     There are no administrative prerequisites for bringing the present civil action under 42 U.S.C. § 1983.

11.     The plaintiff has satisfied all administrative prerequisites for bringing the present civil action under New York law.  On or about July 6, 2016, within 90 days of his arrest, the plaintiff, through his undersigned counsel, served a valid notice of claim on the New York City Comptroller's Office.  A 50-h hearing was conducted by the City on April 25, 2017.  To date, the City has neglected or refused to settle this matter administratively.  This civil action is being filed within one year and 90 days of the plaintiff's arrest.

## FACTUAL ALLEGATIONS

12.     Plaintiff Bodgan Zhukovskyi is a street artist in Times Square. Mr. Zhukovskyi makes works of art using spray paint on photo paper or canvas, in various sizes.  He sells his works of art to people on the street, mainly tourists, and also on-line.  He has all required licenses to sell art works in New York City.

13.     The incident in this case took place on April 9, 2016.  Around 9:00 p.m., Mr. Zhukovskyi arrived at his regular location on the public sidewalk in front of the Forever 21 store located on Seventh Avenue between 45th and 46th

Streets in Manhattan.  Mr. Zhukovskyi has made and sold his art from this location almost every day for about a year.  Neither Forever 21 nor any other business in the area has complained to Mr. Zhukovskyi about his activities.  Upon information and belief, no businesses have complained to the NYPD about Mr. Zhukovskyi.

14.     On the evening in question, Mr. Zhukovskyi set up his display tables (two tables each measuring 2' wide by 4' long), set out his art supplies, and was preparing to make his first spray painting.  Mr. Zhukovskyi placed his tables near the curb, approximately 22' from the entrance to Forever 21.  Approximately 4-5 pedestrians were watching him.

15.     At all relevant times, Mr. Zhukovskyi was not intoxicated or under the influence of drugs.  He was not engaging in disorderly conduct.  He was not obstructing pedestrian or vehicular traffic.  He was not conversing in a loud, abusive, or obscene manner.   He was not acting in a violent, tumultuous, or threatening manner.

16.     At approximately 9:00 p.m., an NYPD patrol car pulled up to Mr. Zhukovskyi's location and two police officers exited the vehicle and approached him.  Upon information and belief, these officers were defendants Lt. Khan and P.O. Morales.  Lt. Khan was wearing a white uniform shirt and P.O. Morales was wearing a standard blue uniform.

17.     Lt. Khan asked Mr. Zhukovskyi what he was doing. When Mr. Zhukovskyi replied, in sum and substance, that he was making spray paintings and that he had the right to be there, Lt. Khan placed him under arrest.

P.O. Morales handcuffed him behind his back. The handcuffs were tight and painful.  The officers then placed Mr. Zhukovskyi into a police van that was marked PBMS (Patrol Borough Manhattan South).

18.     Mr. Zhukovskyi did not raise his voice or argue with the officers. He did not resist being arrested or handcuffed.

19.     The police activity attracted the attention of numerous people in the vicinity, who witnessed Mr. Zhukovskyi's arrest.

20.     There was no probable cause or other legal justification for Mr. Zhukovskyi's arrest.  He was not committing any crimes or violating any laws or regulations. He was peaceably exercising his First Amendment rights.

21.     Lt. Khan and P.O. Morales knew or should have known that there was no probable cause or other legal justification for Mr. Zhukovskyi's arrest.

22.     Upon information and belief, Lt. Khan has a practice of harassing, summonsing, and arresting artists and performers in Times Square without legal justification.

23.     Mr. Zhukovskyi has had previous encounters with Lt. Khan in which Lt. Khan threatened him with being arrested and having his art supplies confiscated, for no reason other than his being in Times Square and making and selling his art works.  On previous occasions, Lt. Khan directed other officers to issue summonses to Mr. Zhukovskyi, all of which were dismissed.

24.     Mr. Zhukovskyi sat inside the police van for 15-20 minutes while various police officers were disassembling and confiscating his display tables and art supplies.

25.     Mr. Zhukovskyi was transported to the Midtown South Precinct. He was processed (searched, fingerprinted, photographed) and placed in a holding cell, where he remained for approximately six hours.

26.     Around 3:00 a.m. or 4:00 a.m. on April 10, 2016, Mr. Zhukovskyi was transported to Central Booking located at 100 Centre Street, where he was fingerprinted and photographed and placed in a holding cell.  He was arraigned around 6:00 p.m. that evening and released on his own recognizance.

27.     In total, Mr. Zhukovskyi was in police custody for approximately 21 hours.

28.     Mr. Zhukovskyi was charged with disorderly conduct, specifically, obstructing pedestrian traffic (P.L. § 240.20(5)).  The criminal complaint was sworn to by defendant P.O. Jonathan Urso, who alleged that he "observed the defendant spray painting at the above location."  There were no allegations in the complaint that supported the charge that Mr. Zhukovskyi intentionally obstructed pedestrian traffic to cause public inconvenience, annoyance, or alarm.

29.     Upon information and belief, P.O. Urso is listed on the NYPD arrest report in this case as the arresting officer.  Upon information and belief, Lt. Khan directed P.O. Urso to be the arresting officer in this case.

30.     P.O. Urso knew or should have known that there was no probable cause or other legal justification for Mr. Zhukovskyi's arrest.

31.     Upon information and belief, P.O. Urso was directed by Lt. Khan to charge Mr. Zhukovskyi with disorderly conduct and to prepare the criminal complaint against him.

32.     Lt. Khan and P.O. Urso knew or should have known that there was no probable cause or other legal justification for filing criminal charges against Mr. Zhukovskyi.

33.     At his arraignment, Mr. Zhukovskyi refused to accept an adjournment in contemplation of dismissal (ACD).  The charge against him was dismissed at the next court appearance on June 7, 2016, by motion of the District Attorney's Office.  The criminal court records indicate that the case was dismissed by the prosecution due to "No PBRD" – no proof beyond a reasonable doubt.  Legally this constitutes a dismissal favorable to the plaintiff.

## CLAIMS AGAINST CITY OF NEW YORK

34.     The City of New York is vicariously liable under New York law, pursuant to the doctrine of respondent superior, for the defendant police officers' violations of the plaintiff's state law rights, as alleged herein.

35.     No claim is made against the City of New York in its municipal capacity under 42 U.S.C. § 1983, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and its progeny.

## CLAIMS AGAINST LT. SUJAT KHAN

36.    Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, Lt. Sujat Khan is liable to the plaintiff under federal and state law, as follows:

37.    Count One:  false arrest, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

38.    Count Two:  false arrest, in violation of New York law.  The City of New York is vicariously liable for this violation.

39.    Count Three: malicious prosecution, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

40.    Count Four: malicious prosecution, in violation of New York law. The City of New York is vicariously liable for this violation.

41.    Lt. Khan is not entitled to qualified immunity for falsely arresting and prosecuting Mr. Zhukovskyi.

42.    Lt. Khan acted with intentional, knowing, callous, and/or reckless indifference to Mr. Zhukovskyi's rights.

43.    As a result of Lt. Khan's unlawful conduct, Mr. Zhukovskyi suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), emotional pain and suffering, lost income (from not being able to sell his art works while in police custody), and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

44.     Mr. Zhukovskyi is entitled to an award of punitive damages to punish Lt. Khan for his unlawful conduct and to deter him and other police officers from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST P.O. ANTHONY MORALES

45.     Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, P.O. Anthony Morales is liable to the plaintiff under federal and state law, as follows:

46.     Count Five: false arrest, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

47.     Count Six: false arrest, in violation of New York law.  The City of New York is vicariously liable for this violation.

48.     P.O. Morales is not entitled to qualified immunity for falsely arresting Mr. Zhukovskyi.

49.     P.O. Morales acted with intentional, knowing, callous, and/or reckless indifference to Mr. Zhukovskyi's rights.

50.     As a result of P.O. Morales' unlawful conduct, Mr. Zhukovskyi suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), emotional pain and suffering, lost income (from not being able to sell his art works while in police custody), and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

51. Mr. Zhukovskyi is entitled to an award of punitive damages to punish P.O. Morales for his unlawful conduct and to deter him and other police officers from engaging in similar unlawful conduct in the future.

## CLAIMS AGAINST P.O. JONATHAN URSO

52. Based on the factual allegations set forth above, along with reasonable inferences drawn in the plaintiff's favor, P.O. Jonathan Urso is liable to the plaintiff under federal and state law, as follows:

53. Count Seven: false arrest, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

54. Count Eight: false arrest, in violation of New York law.  The City of New York is vicariously liable for this violation.

55. Count Nine: malicious prosecution, in violation of the Fourth Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

56. Count Ten: malicious prosecution, in violation of New York law. The City of New York is vicariously liable for this violation.

57. P.O. Urso is not entitled to qualified immunity for falsely arresting and prosecuting Mr. Zhukovskyi.

58. P.O. Urso acted with intentional, knowing, callous, and/or reckless indifference to Mr. Zhukovskyi's rights.

59. As a result of P.O. Urso's unlawful conduct, Mr. Zhukovskyi suffered loss of liberty, physical pain and suffering (from being handcuffed and confined in jail cells), emotional pain and suffering, lost income (from not being able

to sell his art works while in police custody), and other pecuniary and non-pecuniary injuries, for which he is entitled to an award of compensatory damages.

60.     Mr. Zhukovskyi is entitled to an award of punitive damages to punish P.O. Urso for his unlawful conduct and to deter him and other police officers from engaging in similar unlawful conduct in the future.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Bogdan Zhukovskyi hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff demands judgment against the Defendants for:

A.     A judgment declaring that the defendant police officers are liable for violating the plaintiff's federal and state law rights, as alleged herein;

B.     A judgment declaring that the City of New York is vicariously liable for the police officers' violations of the plaintiff's state law rights, as alleged herein;

C.     An award of compensatory damages against all defendants, in an amount to be proved at trial;

D.     An award of punitive damages against each defendant police officer, in amounts to be proved at trial;

E.    An order imposing appropriate equitable remedies on the defendants;

F.    Pre-judgment and post-judgment interest, as allowed by law;

G.    Attorney's fees and costs, as allowed by law; and

H.    All other relief that the plaintiff may be entitled to under law, or as justice may require.

Dated:        November 15, 2017
              New York, NY

                          Respectfully submitted,

                          *Steven M. Warshawsky*

                  By:     _____
                          STEVEN M. WARSHAWSKY (SW 5431)
                          The Warshawsky Law Firm
                          Empire State Building
                          350 Fifth Avenue, 59th Floor
                          New York, NY  10118
                          Tel:  (212) 601-1980
                          Fax:  (212) 601-2610
                          Email:  smw@warshawskylawfirm.com

                          TOMASZ J. PIOTROWSKI (TP 5515)
                          T.J. Piotrowski Law Firm
                          176 Kent Street, Suite 2L
                          Brooklyn, NY 11222
                          Tel:  (917) 612-0788
                          Email:  tomjerzy@msn.com

                          *Attorneys for Plaintiff Bogdan Zhukovskyi*